

1   KRISTIN HENRY (Cal. Bar No. 220908)
    Sierra Club
2   85 Second Street, 2nd Floor
    San Francisco, CA 94105
3   Telephone: (415) 977-5716
    Facsimile: (415) 977-5793
4   Kristin.Henry@sierraclub.org

5   Counsel for Plaintiff Sierra Club

6

7

8                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10  _____  Case No.
11  SIERRA CLUB                             )
    85 Second St., 2nd Floor                )
12  San Francisco, CA 94105,                )
                                            )  **COMPLAINT FOR DECLARATORY**
13       Plaintiff,                         )  **AND INJUNCTIVE RELIEF**
                                            )
14       v.                                 )
                                            )  (Clean Air Act, 42 U.S.C. §§ 7401 *et. seq.*)
15  LISA P. JACKSON,                        )
    in her official capacity as Administrator of the )
16  United States Environmental Protection Agency, )
                                            )
17       Defendant.                         )
    _____)
18

19                        **I.  INTRODUCTION**

20  1.      Plaintiff Sierra Club brings this Clean Air Act citizen suit to compel the United States

21  Environmental Protection Agency to undertake an overdue mandatory duty.  Specifically,

22  Defendant, Lisa P. Jackson, in her official capacity as Administrator of the United States

23  Environmental Protection Agency ("EPA"), has failed to take final action under 42 U.S.C. §

28

1    7410(k)(2) and (3), and publish notice of that final action in the Federal Register, on a Nevada

2    August 31, 2010 state implementation plan ("SIP") submittal of five new and revised

3    regulations—Sections 0, 12.2, 12.3, 12.4, and 25—focused primarily on permitting requirements

4    and procedures for major stationary sources of air pollution.  Accordingly, Plaintiff SIERRA

5    CLUB brings this action against Defendant LISA P. JACKSON, in her official capacity as EPA

6    Administrator, to compel her to perform her mandatory duty with respect to this Nevada state

7    implementation plan submittal.

8

9                                    **II.  JURISDICTION**

10   2.        This case is a Clean Air Act citizen suit.  Therefore, the Court has jurisdiction over this

11   action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a)(2)

12   (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

13

14                                      **III.  NOTICE**

15   3.        On May 1, 2012, Sierra Club mailed to EPA by certified mail, return receipt requested,

16   written notice of intent to sue regarding the violations alleged in this Complaint.  EPA received

17   the written notice on May 7, 2012.  More than sixty days have passed since EPA received this

18   "notice of intent to sue" letter.  EPA has not remedied the violations alleged in this Complaint.

19   Therefore, a present and actual controversy exists.

20

21                                      **IV.  VENUE**

22   4.        Defendant EPA resides in this judicial district.  This civil action is brought against an

23   officer of the United States acting in her official capacity and a substantial part of the events or

                                    COMPLAINT – 2

28

1   omissions giving rise to the claims in this case occurred in the Northern District of California.

2   This Complaint concerns EPA's failure to perform mandatory duties with regard to Nevada.

3   EPA Region 9, whose jurisdiction includes Nevada, is headquartered in San Francisco. Thus

4   several of the events and omissions at issue in this action occurred at EPA's Region 9

5   headquarters in San Francisco. In addition, Plaintiff Sierra Club is headquartered in San

6   Francisco and one of Sierra Club's counsel is located in San Francisco. Therefore, venue is

7   proper in this Court pursuant to 28 U.S.C. § 1391(e).

8

9                          **V. INTRADISTRICT ASSIGNMENT**

10  5.      A substantial part of the events and omissions giving rise to the claims in this case

11  occurred in the County of San Francisco. Accordingly, assignment to the San Francisco

12  Division or the Oakland Division is proper pursuant to Civil L.R. 3-2(c) and (d).

13

14                                 **VI. PARTIES**

15  6.      Plaintiff SIERRA CLUB is a national grassroots nonprofit conservation organization

16  formed in 1892. Sierra Club's purpose includes practicing and promoting the responsible use of

17  earth's ecosystems and resources, and protecting and restoring the quality of the natural and

18  human environment. Sierra Club has over 600,000 members nationally.

19  7.      Sierra Club's members live, work, recreate, and travel throughout the area at issue in this

20  complaint and will continue to do so on a regular basis. Pollution in the affected area threatens

21  and damages, and will continue to threaten and damage, the health and welfare of Sierra Club's

22  members. Pollution diminishes Sierra Club members', as well as the public's, ability to enjoy

23  the aesthetic qualities and recreational opportunities of the affected area.

COMPLAINT – 3

28

8.      EPA's failure to timely perform the mandatory duties described herein also adversely affects Sierra Club, as well as its members, by depriving them of procedural protection and opportunities, as well as information that they are entitled to under the Clean Air Act.  The failure of EPA to perform the mandatory duties also creates uncertainty for Sierra Club's members as to whether they are exposed to excess air pollution.

9.      The above injuries will continue until the Court grants the relief requested herein.

10.     Defendant LISA P. JACKSON is the Administrator of the United States Environmental Protection Agency.  In that role Administrator Jackson has been charged by Congress with the duty to administer the Clean Air Act, including the mandatory duties at issue in this case.

## VII. LEGAL BACKGROUND

11.     Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again."  H.R. Rep. No. 1146, 91st Cong., 2d Sess. 1,1, 1970 U.S. Code Cong. & Admin. News 5356, 5356.  To promote this, the Act requires EPA to set National Ambient Air Quality Standards for certain pollutants.  42 U.S.C. § 7409(a).  National Ambient Air Quality Standards establish maximum allowable concentrations in the air of such pollutants.

12.     Under the Clean Air Act, each state is required to submit state implementation plans to ensure that each National Ambient Air Quality Standard will be achieved, maintained and enforced, that visibility in special places like national parks and wilderness areas will not be degraded by air pollution and to ensure that emissions arising in one state will not significantly contribute to air quality problems in another state.  Without such plans, the public is not afforded full protection against the harmful impacts of air pollution.

13.     A state, through state implementation plans made pursuant to the Clean Air Act, 42 U.S.C. § 7410(a)(2), "must specify emission limitations and other measures necessary to attain and maintain the NAAQS for each pollutant." *Sierra Club v. EPA*, 129 F.3d 137, 138 (D.C. Cir. 1997).

14.     After a state submits a state implementation plan, EPA is required to determine whether it is administratively complete. 42 U.S.C. § 7410(k)(1)(B).  If EPA does not make the completeness finding within six months after the date of the submittal, the state's submittal is deemed administratively complete by operation of law.  *Id.*

15.     EPA has a mandatory duty to take final action—by approving in full, disapproving in full, or approving in part and disapproving in part—on any administratively complete state implementation plan submittal within 12 months of the date the submittal is deemed administratively complete.  42 U.S.C. § 7410(k)(2) and (3).

## VIII.  CLAIM FOR RELIEF

(EPA's Failure to Take Final Action on Nevada State Implementation Plan Submittal)

16.     Sierra Club incorporates by reference paragraphs 1 through 15.

17.     On August 31, 2010, Nevada submitted five new and revised regulations—Sections 0, 12.2, 12.3, 12.4, and 25—focused primarily on permitting requirements and procedures for major stationary sources of air pollution.  *See* "Proposed Revision to the Clark County Part of the Nevada State Implementation Plan: Major Source New Source Review Program Rule Adoptions and Revisions," Nevada Department of Air Quality and Environmental Management (Aug. 31, 2010) ("Nevada's NSR submittal").

18.     Pursuant to the Clean Air Act, either EPA or operation of law deemed Nevada's NSR submittal administratively complete by no later than March 1, 2011.  42 U.S.C. § 7410(k)(1)(B).

19.     Thus EPA has a mandatory duty to take final action on Nevada's NSR submittal by no later than March 1, 2012. 42 U.S.C. § 410(k)(2) and (3).

20.     On July 13, 2012, EPA Region 9 Administrator Jared Blumenfeld signed a notice of proposed rulemaking proposing limited approval and limited disapproval of certain Nevada submissions of revisions to the Clark County portion of the SIP.  *See* EPA, "Limited Approval and Disapproval of Air Quality Implementation Plans; Nevada; Clark County; Stationary Source Permits," Dk. No. EPA-R09-OAR-2012-0566; FRL-_____ (July 13, 2012).  The rule proposed action on, *inter alia*, Sections 0, 12.2, 12.3, and 12.4. *Id.*at 6.  However, proposed rules have no legal effect, and EPA still has a mandatory duty to act on each of the submissions at issue in this claim.

21.     EPA has failed to perform this mandatory duty by not approving in full, disapproving in full, or approving in part and disapproving in part Nevada's NSR submittal by no later than March 1, 2012.

## REQUEST FOR RELIEF

WHEREFORE, Sierra Club respectfully request that the Court:

A.     Declare that the Administrator is in violation of the Clean Air Act with regard to her failure to perform the mandatory duty listed above;

B.     Issue a mandatory injunction requiring the Administrator to perform her mandatory duty by certain dates;

C.     Retain jurisdiction of this matter for purposes of enforcing the Court's order;

1   D.    Grant Sierra Club its reasonable costs of litigation, including attorneys' and experts' fees;

2         and;

3   E.    Grant such further relief as the Court deems just and proper.

Respectfully submitted,

KRISTIN HENRY (Cal. Bar No. 220908)
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105
Telephone: (415) 977-5716
Facsimile: (415) 977-5793
Kristin.Henry@sierraclub.org

Counsel for Sierra Club

Dated: August 2, 2012

COMPLAINT – 7